2025 IL App (1st) 231675-U

No. 1-23-1675

Order filed March 14, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 12492 |
| | ) | |
| OSCAR GARRETT, | ) | Honorable |
| | ) | James Michael Obbish, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

## ORDER

¶ 1     *Held*: The trial court did not abuse its discretion in denying defendant's motion for continuance for new counsel when defendant sought to change counsel the week before trial and six years after defendant's criminal proceedings began and where the trial court had previously indicated to defendant that he would only allow new counsel to enter the case was if new counsel was ready to proceed with the scheduled trial date.

¶ 2     Following a jury trial, defendant Oscar Garrett was found guilty of theft over $100,000;

identity theft over $100,000; identity theft $10,000 to $100,000; mail fraud; wire fraud; forgery by

delivery; and income tax fraud. Defendant was subsequently sentenced to 13 years' imprisonment on one count of theft over $100,000. On appeal, defendant raises a single issue: whether his constitutional right to counsel of his choice was violated when the trial court denied defense counsel's motion to withdraw from the case and denied new counsel's motion to file an appearance on his behalf and proceed with defendant's case. For the following reasons, we affirm.

¶ 3     Briefly stated, in September 2017, defendant was charged with numerous counts related to multiple state tax filings that he prepared for his paying clients dating back to 2015. As noted above, defendant was found guilty by a jury of multiple offenses.

¶ 4     Defendant was represented by attorney Shelly Prusak and attorney Tracey Harkins between September 2017 and his 2023 trial and posttrial motions. From the end of 2017 through early 2020, the record reflects that the case was continued many times by agreement. Court closures due to the COVID-19 Pandemic further delayed the case during 2020, and additional agreed continuances occurred through 2021. At a September 7, 2021, status hearing, the trial court set a status conference for plea negotiations. Several other plea conferences ensued later in 2021 and at no time did defendant notify the trial court that he had an issue with his attorneys. On January 11, 2022, attorney Prusak notified the trial court that defendant rejected the plea offer, and the trial court set a pretrial date for March 2022, and an April 2022 trial date. The trial date was subsequently pushed to May 2022, then to July 2022. Again, defendant was present at those various status hearings and did not express any complaints about his attorneys. At subsequent status hearings which discussed evidentiary issues and reset the trial date, defendant was present and expressed no complaints about his attorneys. The same scenarios occurred at the beginning of 2023 and the trial date was subsequently reset for April 24, 2023.

¶ 5    On April 17, 2023, the week before trial was scheduled to begin, defendant told attorney Harkins that he wanted a new attorney. Attorney Harkins notified the trial court and the prosecutor of defendant's wishes, and the trial court asked the parties to pick a date that week to hear Attorney Harkins' motion to withdraw. The court also directed Attorney Harkins to tell defendant that his new attorney needed to appear in person at that hearing and must be prepared to begin the jury trial as scheduled on April 24, 2023. Attorney Harkins subsequently filed a motion to withdraw, and a hearing was set for April 19, 2023.

¶ 6    While defendant and Attorney Harkins were present for the hearing, defendant's prospective counsel did not appear. Defendant explained that he misunderstood the message from Attorney Harkins about the date of the hearing, he had not yet retained new counsel and said he intended to retain either an attorney who had previously done real estate work for him or another attorney. The trial court asked defendant why he wanted to seek new counsel, and defendant replied that during the previous 18 months, he had been to his attorneys' office only once and claimed that they had rarely communicated with him, including in the lead up to trial. The trial court did not believe that defendant was being honest, either with the court or his attorneys, and found that defendant's explanation was not credible given the timing of the request and defendant's statement that he was considering proceeding with a real estate attorney. The trial court noted that defendant could have sought new counsel or complained about current counsel to the court at any time during the previous five years but said nothing until the week before trial. The trial court concluded that the request was an attempt to delay the administration of justice. However, the trial court stated that if defendant obtained new counsel who was prepared to proceed to trial on April 24, 2023, defendant could substitute counsel.

¶ 7     The following day, the trial court held another hearing. Attorney Harkins appeared for defendant and Attorneys Brett Appleman and Tamara Walker were present via video. Attorneys Appleman and Walker requested a continuance and told the court that while they were ready to proceed with the case, they would not be ready for trial on the scheduled jury trial date. Attorney Harkins suggested that the trial court grant Attorneys Appleman and Walker 60 days to prepare for trial. The trial court was concerned that if the trial date was reset, defendant would, near the end of the 60 days, decide that he did not like new counsel and again want new counsel.

¶ 8     The following day, April 21, 2023, the trial court denied Attorney Harkins' motion to withdraw. Attorney Harkins was present in court and Attorneys Appleman and Walker were again present via video. The trial court reviewed the history of the case, including the several times that the trial date was reset. The court noted that from 2017 until April 17, 2023, defendant had no problem with his attorneys' representation and never complained about his attorneys being unprepared or not communicating with him. The court also noted other problems with rescheduling the trial, namely that the court's calendar was full for months with other pending cases and a critical prosecution witness, who was overseas, close to retirement, and would likely become unavailable. The court ultimately found that defendant's attempt to switch attorneys was a delay tactic and denied the motion to withdraw. The trial court confirmed that it would address pretrial matters in the morning on April 24, 2023, and begin jury selection that afternoon. Attorneys Appelman and Walker did not file appearances on behalf of defendant.

¶ 9     Attorney Harkins subsequently represented defendant at the pretrial proceedings and at trial. The jury returned verdicts for theft over $100,000; identity theft over $100,000; identity theft between $10,000 and $100,000; mail fraud; wire fraud; forgery by delivery; and income tax fraud.

¶ 10    After the jury's verdict, defendant filed a motion for new trial, arguing reasonable doubt; error in depriving defendant of his counsel of choice; overruling defense objections during trial; and not granting defendant's motions for mistrial. The trial court denied the motion for new trial and the case proceeded to sentencing. Defendant was sentenced to 13 years' imprisonment for theft over $100,000. Defendant's timely appeal followed on September 5, 2023.

¶ 11    Defendant notes in his brief that two days after his notice of appeal was filed, another attorney filed a motion to dismiss complaint and conviction. The half sheet indicates that this motion was denied on February 1, 2024, and an appeal from that order was denied on February 9, 2024. Because defendant had already filed a post-sentencing motion, defendant notes that the subsequent motion was improper and do not affect the notice of appeal that was previously filed.

¶ 12    The sole issue before this court on appeal is whether defendant's constitutional right to counsel of his choice was violated when the trial court denied defense counsel's motion to withdraw from the case and denied new counsel's motion to file an appearance on his behalf and proceed with defendant's case.

¶ 13    The right to counsel guaranteed by the federal constitution (U.S. Const., amends. VI, XIV), the Illinois constitution (Ill. Const. 1970, art. I, § 8), and the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2022)) includes the right to be represented by counsel of one's own choice. However, that right is not absolute. *People v. Montgomery*, 2023 IL App (3d) 200389, ¶ 19. A defendant may not employ this right as a weapon to thwart the administration of justice or to otherwise embarrass the effective prosecution of crime (*People v. Curry*, 2013 IL App (4th) 120724, ¶ 48) and a court may deny a defendant's request for a particular attorney if it is a subterfuge or dilatory tactic (*Montgomery*, 2023 IL App (3d) 200389, ¶ 19). The right to counsel

may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime. *Montgomery*, 2023 IL App (3d) 200389, ¶ 19. Thus, a court must balance the right of a defendant to choose his or her counsel against the need for efficient and effective administration of justice. *Curry*, 2013 IL App (4th) 120724, ¶ 48.

¶ 14     The decision to grant or deny a continuance to allow a defendant to retain private counsel is left to the discretion of the trial court and will not be overturned absent an abuse of discretion. *Montgomery*, 2023 IL App (3d) 200389, ¶ 20. Factors to consider in evaluating a trial court's exercise of that discretion include (1) defendant's diligence, (2) defendant's right to a speedy, fair, and impartial trial, and (3) the interests of justice. *Id.* It is an abuse of discretion for a trial court to deny a continuance and to proceed to trial without defendant's chosen counsel when the defendant has retained private counsel or counsel's appearance is on file. *Id.* A trial court also abuses its discretion if it denies a defendant a continuance without adequately inquiring into the defendant's reasons for desiring new counsel. *Id.* at ¶ 21. However, a trial court does not abuse its discretion by denying a motion for substitution of counsel where new counsel is unidentified or does not stand ready, willing, and able to make an unconditional entry of appearance of defendant's behalf. *Curry*, 2013 IL App (4th) 120724, ¶ 49.

¶ 15     Here we find that the trial court did not abuse its discretion in not allowing new counsel or granting a continuance. Defendant was charged with several offenses in September 2017 and was represented by counsel of his choice for over five years before he indicated to the trial court that he wanted to change attorneys. It's worth noting that his desire to change attorneys was first expressed the week before trial was scheduled to begin after multiple date changes and other

continuances for various reasons over the years, and defendant had never expressed any issues with his attorneys to the trial court.

¶ 16    When the matter was presented to the trial court on April 19, 2023, defendant stated that his attorneys were not communicating with him and that he was looking to hire a real estate attorney or another attorney to represent him. The trial court did not believe defendant but admonished him that he could substitute counsel, but that new counsel must be ready for trial on the scheduled date. The following day, prospective counsel appeared by video and stated that they would not be able to meet the scheduled trial date of April 24, 2023. Attorney Harkins suggested a 60-day continuance for new counsel to be ready for trial, and the trial court expressed its concern about that type of delay, including that defendant could again express displeasure with new counsel in 60 days and push the trial out even further. Prospective counsel did not file an appearance on defendant's behalf, despite appearing two days in a row via video.

¶ 17    The following day, the trial court denied the motion, finding that defendant had never expressed an issue with his counsel's representation in the five years that they represented defendant, as well as other logistical issues with rescheduling the trial, including the availability of a critical witness. The trial court concluded that it was a delay tactic and therefore denied the motion.

¶ 18    The record is clear that neither Attorney Appleman nor Attorney Walker ever filed an appearance on behalf of defendant, despite appearing at two hearings via video, which supports the inference that they would not do so unless there was a continuance. Because defendant failed to establish that either Attorney Appleman or Attorney Walker were retained or were ready, willing and able to represent defendant on April 21, 2023, we conclude that the trial court did not abuse

its discretion in denying Attorney Harkins' motion to withdraw in order to accommodate new counsel for defendant. Thus, defendant's constitutional right to counsel was not violated.

¶ 19    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 20    Affirmed.